FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

SEP 19 2003

at 3 o'clock and 21 min. P M
WALTER A.Y.H. CHINN, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO 02-00209-05 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EDUARDO C. MINA,       (05) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF RIGHT TO SPEEDY TRIAL; ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

The court heard Defendant's Motions on September 19, 2003. Assistant United States Attorneys J. Michael Seabright and Craig Nakamura appeared at the hearing on behalf of the United States; Clifford B. Hunt, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motions and the supporting and opposing memoranda, the court DENIES Defendant's Motion to Dismiss for Violation of Right to Speedy Trial and DENIES Defendant's Motion for Relief from Prejudicial Joinder.

## BACKGROUND

On May 22, 2002, Defendant and seven co-defendants were indicted on RICO, RICO conspiracy, and Hobbs Act charges. Defendant was arraigned on December 9, 2002, and trial was set for February 4, 2003.[1] At a hearing on December 12, 2002, the court designated the case a complex litigation pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii). See Order Granting Motion to Continue Trial Date and Tolling Time Under the Speedy Trial Act ("Order to Continue Trial"), filed December 17, 2002. To allow counsel for Defendant's co-defendants time to conduct discovery and to prepare for trial, the court also continued the trial to November 4, 2003. Id.

On March 6, 2003, Defendant filed two motions to suppress evidence and statements. The court denied Defendant's motions in an order filed June 6, 2003. See Order Denying Defendant's Motion to Suppress Statements; Order Denying Defendant's Motion to Suppress Evidence, filed June 6, 2003. On September 5, 2003, Defendant filed the two motions presently before the court. The Government filed two separate oppositions on September 12, 2003.

---

[1] Since the arraignment, five of the co-defendants have pled guilty. Defendant, and co-defendants Arthur Andres and Harvey Hiranaka, are still scheduled for trial.

2

## DISCUSSION

**1.    Motion to Dismiss for Violation of Right to Speedy Trial**

Defendant argues that because more than seventy days have elapsed since Defendant's first appearance in this case, the indictment should be dismissed. Specifically, Defendant argues that trial has not commenced within the time allotted under the Speedy Trial Act of 1974 ("Act"), codified at 18 U.S.C. § 3162(a)(2). See U.S. v. Taylor, 487 U.S. 326, 326 (1988). Defendant notes that according to the language of the Act, delays that result from the adjudication of pretrial motions, or, delays resulting from the joinder of co-defendants are excluded from the calculation of time under the Act. Motion, at 5.

In its Opposition, the Government argues at the outset that Defendant's Motion is untimely. Specifically, the Government refers to the Order to Continue Trial issued on December 17, 2002. In his Order, Magistrate Judge Kevin S.C. Chang ("Judge Chang") reached the merits of the Speedy Trial Act claims and found that the tolling provision "applies to defendant Mina, and that, given the nature of the charges and amount of discovery in this case," the period of delay was reasonable. Order to Continue Trial, at 4-5. Judge Chang also set a deadline of April 7, 2003, by which all motions should be filed. Defendant's counsel was present at the magistrate proceeding and despite his objection to

3

continuing the trial, he did not object to the designation of this case as complex. Accordingly, he knew as of December 17, 2002, that the time within which Defendant had to be tried had been tolled. He did not appeal this decision or in any way challenge the new trial date until filing this Motion on September 5, 2003.

In addition, the Government argues that no days have in fact run on Defendant's Speedy Trial clock because Judge Chang tolled the time pursuant to 18 U.S.C. 3161(h)(7). The language of 3161(h)(7) excludes from the Speedy Trial computation "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." It also argues that the complexity of the case renders the tolling of time as to Defendant Mina reasonable. See Declaration of Ora Morita, filed September 12, 2003 (detailing the extent of the voluminous discovery present in this case).

When determining whether a delay is justified, the court must "consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances ... which led to the dismissal; and the impact of a reprosecution on the administration of [the Act and] of justice." Taylor, 487

U.S. at 326 (citing 18 U.S.C. § 3162(a)(2) (internal quotation marks and citations omitted)). In addition, Section 3161(h)(8)(A) provides for the exclusion of:

> "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

See also Henderson v. U.S., 476 U.S. 321, 324 (1986).

In his Order, Judge Chang satisfied the Act's requirements by setting forth in the written record of the case the reasons for finding a continuance appropriate in this case. In light of the complex nature of the case, as well as the request for additional time by the attorneys for Defendant's co-defendants, Judge Chang's Order was reasonable and sound. Judge Chang explicitly stated that the extension applied to all defendants, including Defendant Mina. Order to Continue Trial, at 4. However, as noted above, Defendant did not appeal this decision or challenge Judge Chang's reasons. Moreover, Defendant did not move at that time, or at any time during the four months following the Order and prior to the April 7,

5

2003 motions deadline, to sever the trial or to argue that the extension should not apply to his situation.

As a general rule in the Ninth Circuit, an exclusion deemed reasonable under the Act for one defendant is reasonable as to all co-defendants. United States v. Butz, 982 F. 2d 1378, 1381 (9th Cir. 1993). A delay is reasonable within this context if it is necessary to achieve its purpose and if Defendant does not suffer actual prejudice. United States v. Hall, 181 F. 3d 1057, 1062 (9th Cir. 1999). Here, Defendant has offered no evidence or argument to suggest that he has suffered actual prejudice as a result of the tolling of the trial date by Judge Chang in December 2002. In his Motion, he makes no mention of Judge Chang's Order, or the reasoning and analysis contained therein. Instead, he simply states that the seventy-day period has run. This argument is unavailing.

The court finds that Defendant has not met his burden of demonstrating to this court that Judge Chang's original Order was unreasonable vis-a-vis him, or, that the continuance was not necessary in this complex case. Accordingly, the time period set forth by Judge Chang is properly excluded pursuant to the tolling provisions of the Speedy Trial Act.

### 2.   Motion for Relief from Prejudicial Joinder

In this Motion, Defendant argues that severance of this case is necessary to avoid the continuing violation of his Sixth Amendment trial rights. As established above, the court finds that Defendant has failed to demonstrate that he will suffer prejudice as a result of Judge Chang's Order to toll the time under the Speedy Trial Act. However, Defendant states that he is filing this Motion in response to a motion filed by his co-defendant, Arthur Andres, on September 4, 2003. In his motion, co-defendant Andres seeks an additional continuance of the trial for six weeks beyond the previously-continued date of November 4, 2003, set by Judge Chang. If the court decides to grant co-defendant Andres' motion, Defendant argues that he "will have been held in custody for over one year over his objection without a trial." Motion, at 2.

The Government responds by stating at the outset that Defendant's Motion is untimely. However, in light of the fact that this Motion is allegedly in response to co-defendant Andres' September 4, 2003 motion for further continuance, the court finds the Government's argument that Defendant's Motion should be dismissed because he failed to file it prior to the April 7, 2003 deadline set by Judge Chang unavailing.

In addition to the above argument, which the court finds unpersuasive, the Government also argues that Defendant has failed to demonstrate to this court that he has a valid reason for severing his case from the remaining co-defendants. The Government correctly notes the strong preference for joint trials in cases involving defendants indicted at the same time, and offers as support for its position the fact that joint trials promote efficient resolution of related matters and avoid inconsistent verdicts. Opposition, at 2-3. Moreover, in cases such as this one, which involves charges of conspiracy, the Government argues that the Ninth Circuit has found joinder particularly appropriate. See United States v. Sarkisian, 197 F. 3d 966, 975-76 (9th Cir. 1999).

Generally, the Ninth Circuit is inclined to find that a defendant is entitled to a separate trial if "the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." United States v. Throckmorton, 87 F.3d 1069, 1072 (9th Cir. 1996). Once defendants have been properly joined, severance of a co-defendant is warranted only when a specific trial right is in danger of violation. Lambright v. Stewart, 191 F.3d 1181, 1186 (9th Cir. 1999) (citing Zafiro v. United States, 506 U.S. 534 (1993)). Here,

Defendant argues that his right to a speedy trial under the Sixth Amendment, as codified in the Speedy Trial Act, is the "specific trial right" that will be violated.

In light of this court's finding in the preceding section, however, the court denies Defendant's motion to sever. As discussed above, Defendant has not demonstrated that his right to a speedy trial under the Act has been violated. To the contrary, Judge Chang's Order demonstrates that continuance of the trial date was necessary in light of the complex nature of the charges and the related discovery matters. Although the court recognizes Defendant's concerns that his co-defendants may continue to delay the date of trial despite his objections, at this time, he has offered the court no evidence that his predicament will result in actual prejudice.

In accordance with the strong preference for joining trials of a nature such as this one, and, in light of Defendant's failure to demonstrate that he will suffer actual prejudice in defending his case, the court DENIES Defendant's Motion for Relief from Prejudicial Joinder.

## CONCLUSION

For the reasons stated above, the court DENIES Defendant's Motion to Dismiss for Violation of Right to Speedy Trial and DENIES Defendant's Motion for Relief from Prejudicial Joinder.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, SEP 19 2003.

_____
DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

United States of America v. Eduardo C. Mina, CR. NO. 02-00209-05; ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF RIGHT TO SPEEDY TRIAL; ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER