IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00209 DAE 01 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN |
| | ) | SUPPORT OF MOTION |
| vs. | ) | |
| | ) | |
| DAVID K.H. LEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   Introduction

On February 9, 2005, DAVID K.H. LEE was sentenced to 24 months imprisonment and 2 years of supervised release for his involvement in a conspiracy to extort money from cabaret establishments under the jurisdiction of the Honolulu Liquor Commission. The offenses occurred more than eight years ago. At the time of his sentencing the defendant, had already retired from his position as a Honolulu Liquor Commission Investigator. Shortly after his arrest, Defendant cooperated with the authorities and agreed to testify against two of his co-defendants, Harvey Hironaka and Eduardo Mina who were convicted at trial before this Court. Defendant's substantial cooperation in the prosecution merited a government Motion for sentence departure which was granted by the Court.

Although the Court recommended that Lee serve his sentence at a Federal Prison Camp and Defendant was initially an inmate at FPC Nellis, that facility closed within 3-months of Defendant's arrival and he completed the remainder of his 24-month sentence in the more restrictive environment at FDC Honolulu. Defendant served his sentence of imprisonment without complaint and was an exemplary inmate at both FPC Nellis and FDC Honolulu.

Since returning to his family and community in April, 2007, Defendant has completed all the terms of his sentence except for completing the full term of supervision which expires in April, 2009. He has never had a substance abuse problem and has been fully compliant with all the conditions of his supervision.

Thus, he respectfully requests herein that the Court grant an early termination of supervision, effective as of the date of any hearing on this Motion or at any other time in the near future that the Court deems to be appropriate under the circumstances on compassionate grounds in order to permit the defendant to complete his sentence and meet his family obligations.

## II. Discussion

In the present case, David Lee is requesting that the Court review his exemplary post-sentencing conduct and his need to be off supervision in order to travel to abroad to visit with elderly family members and determine that the interests

of justice do not require continuing her term of supervision for an additional year.

The statutes authorize the Court to terminate a sentence of supervised release based upon the "conduct of the person" or in the "interests of justice." 18 U.S.C. § 3583(e) provides that the court may:

> terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the person released in the interest of justice.

Prior to the commission of the present offense, Lee had developed an outstanding character of positive contribution to the community and society. He served in the United States Army in Korea and Vietnam (two tours of duty). He retired from the Army after 21 years of service and attained the rank of Sergeant Major (E-9). After serving in the Army, Lee was hired by the Honolulu Liquor Commission in 1978 and retired in 2001. The offenses of conviction date from the time prior to Lee's retirement, approximately 8 years ago.

The reason for the requested early termination of supervision is to allow Lee to visit family members abroad this year. Defendant's wife, Baerbel Lee (nee Deich) and Lee have been invited to attend a family reunion in Berlin, Germany in the fall of this year and Lee needs to be off supervision to travel abroad. Many of the

relatives are elderly and haven't seen Lee and his wife for many years. Furthermore, Lee would also like to visit his aunt in Seoul, Korea this year. Lee's aunt is in her 80's and is not in good health and cannot herself travel to Hawaii to visit Lee.

Three extremely important justifications for probation: 1) to monitor the payment of fines; 2) to monitor abstinence or treatment for substance abuse; and, 3) to provide employment assistance are not present in this case. Lee has paid all fines and assessments. He has never had a drug or alcohol problem. Since committing the instant offense, Lee has returned home to his family in Pearl City. He volunteers with PATCH, an statewide organization for childcare providers, doing office and clerical work 6 to 12 hours a week as well as providing childcare for his 4 and ½ year old great grandson. He has demonstrated responsibility by contributing to the community. He has completed all terms of his sentence except for completion of the last year of supervision.

In the present case, the limited resources of the Probation office would be more efficiently utilized by shortening the term of the defendant's probation and redirecting these resources towards other defendants where assistance is needed. Certainly, there are others on supervision who would benefit from more intensive supervision and assistance in employment, treatment and monitoring.

- 4 -

## III. Conclusion

Three fundamental reasons for probation: enforcing and monitoring fine payments; drug testing/treatment; and employment assistance are not concerns in Lee's case. He is retired and is not a substance abuser. His adjustment to and compliance with supervision has been exemplary. He enjoys the support of his wife, children, grandchildren and great grandson. He seeks termination of the remaining 11-months of supervision so that he can travel abroad to visit elderly relatives in Germany and Korea. The interests of justice simply do not require continuing his term of supervision. To the contrary, the limited resources of the probation office would be better used in cases where the defendant needs the assistance or monitoring provided by that office.

For all the above-stated reasons, the defendant requests that the Court grant his Motion for Early Termination of Supervised Release.

DATED: Honolulu, Hawaii, May 5, 2008.

_____
RUSTAM A. BARBEE
Attorney for Defendant
DAVID K.H. LEE